UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NERMINA VAUGHN,** ) | CASE NO. 1:13-cv-01732-DAP |
| ) | |
| Plaintiff, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | <u>**OPINION AND ORDER**</u> |
| ) | |
| **TOYOTA MOTOR CORPORATION, et al.,** ) | |
| ) | |
| Defendants. ) | |

Before the Court is Medical Mutual of Ohio's Motion to Intervene (the "Motion"). Doc #: 28. For the reasons discussed below, the Motion is denied.

**I. Background**

According to the Complaint, on January 26, 2012, Aida Cemanovic was involved in a car collision whilst operating a 2004 Toyota Corolla. Compl. ¶¶ 8–10, Doc #: 1. Cemanovic died on June 3, 2012, according to the Complaint, as a result of injuries sustained during this car collision. *Id.* at ¶¶ 20, 22, 25.

The matter was brought before the Cuyahoga County Probate Court on September 14, 2012, whereupon Plaintiff Nermina Vaughn was appointed administrator of Cemanovic's estate.

*Id.* at ¶ 24; Entry Appointing Fiduciary, *The Estate of Aida Cemanovic*, No. 2012EST182360 (Cuyahoga County Prob. Ct. docketed Sept. 17, 2012). On August 9, 2013, Vaughn filed the instant action, claiming wrongful death and product liability on the part of Defendants Toyota Motor Corporation and Toyota Motor Sales USA, Inc. [collectively, "Toyota"], in this Court. Compl. ¶¶ 11–26. Vaughn and Toyota thereafter engaged in litigation and mediation regarding these matters.

In relevant part, on August 27, 2015, the parties notified the Court that the most recent mediation had not resulted in a settlement agreement. As a result, shortly thereafter on August 31, the Court set a trial schedule and scheduled a settlement conference to occur on January 11, 2016. On December 23, 2015, however, the Court cancelled the scheduled settlement conference because the parties notified the Court that they had reached a settlement agreement and had submitted the matter to the probate court for approval. *See* Minutes and Order, Doc #: 29.

Meanwhile, proposed Intervener Medical Mutual of Ohio ["Medical Mutual"] began communicating with Vaughn's counsel. On September 11, 2015, Medical Mutual sent (through counsel) to Vaughn's counsel a "Notice of Lien/Claim" alleging claims related to medical benefits paid on behalf of Cemanovic. Doc ##: 28-2, 31-1. Vaughn's counsel requested a copy of the plan contract, and on October 29, 2015, Medical Mutual sent Vaughn's counsel a document entitled "PPO Network Comprehensive Major Medical Heath Care Certificate / Prescription Drug Rider." Doc #: 31-2. On December 14, 2015, Vaughn's counsel sent a letter to Medical Mutual's counsel rejecting Medical Mutual's claim for subrogation/reimbursement. Doc ##: 28-3, 31-3.

On January 7, 2016, Medical Mutual filed the instant Motion to Intervene "to enforce its

contractual right of subrogation." Mot. to Intervene 5, Doc #: 28. The proposed Complaint of Intervention alleges that Medical Mutual paid benefits to Cemanovic and is accordingly entitled to a judgment against Toyota. Compl. of Intervening Pl. ¶¶ 4–6, Doc #: 28-4. Both Vaughn and Toyota filed opposition responses, Doc ##: 31, 32, and Medical Mutual replied, Doc #: 34-1. On February 22, Toyota filed a sur-reply. Doc #: 36. This Order follows.

**II. Legal Standard**

Intervention is governed by Federal Rule of Civil Procedure 24, which in pertinent part states,

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention. (1) In General. On timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24. "A motion to intervene as a matter of right must therefore be timely, and the proposed intervenor must establish (1) that he has an interest which is the subject matter of the lawsuit, (2) which is likely to be impaired by the disposition of the lawsuit, and (3) that the existing parties cannot adequately protect that interest." *Bradley v. Milliken*, 828 F.2d 1186, 1191 (6th Cir. 1987) (citations omitted). "The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). Permissive intervention allows the district Court "to permit intervention if the motion is timely, and if the applicant's claim or defense and the main action have a question of law or fact in common." *Bradley*, 828 F.2d at 1193 (citations

and internal quotation marks omitted).

### III. Discussion

Intervention is here inappropriate because Medical Mutual has failed to establish at least three of the four *Bradley* elements.

**A. Legal Interest in the Matter and Likelihood of Impairment**

**1. The Subrogation Claim is Barred by the Statutes of Limitations**

In its reply brief, Medical Mutual concedes that its subrogation claim is time-barred. Medical Mutual cites *Ohio Bur. of Workers' Comp. v. McKinley*, 956 N.E.2d 814, 820–21, and then observes,

> Under this analysis, Medical Mutual's claim for subrogation here arose on the date of Aida Cemanovic's wrongful death on June 3, 2012, and the statute of limitations has likely run on that claim. However, Medical Mutual seeks to intervene on the basis of its right to reimbursement, which is set forth in the insurance contract . . . .

Reply 2–3.

The Court agrees. "[A]n action based on a product liability claim and an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues," and "a civil action for wrongful death shall be commenced within two years after the decedent's death." Ohio Rev. Code Ann. §§ 2305.10(A), 2125.02(D)(1). Cemanovic died on June 3, 2012. Consequently, any claims against Toyota expired in June 2014. Medical Mutual, however, did not act until 2015.

Furthermore, the time-barring of Medical Mutual's claims against Toyota not only demonstrates that Medical Mutual lacks "an interest which is the subject matter of the lawsuit," but also, by extension, makes it impossible that Medical Mutual has an interest that could

possibly "be impaired by the disposition of the lawsuit." *Bradley*, 828 F.2d at 1191. The absence of a valid claim strikes at the heart of both mandatory and permissive intervention.

## 2. Reimbursement is not Presently at Issue

Medical Mutual argues that its reimbursement claim is not barred—as Vaughn and Toyota argue—by the statute of limitations in Ohio Rev. Code Ann. § 2117.06 (barring claims against an estate not presented within six months of death), instead being governed as a contingent claim by § 2117.37 (permitting a contingent claim to be filed within the later of six months of death or two months from the accrual of the cause of action). However, the arguments raised by Medical Mutual appear to conflate the right of subrogation with the right of reimbursement allegedly provided for under the terms of the policy of insurance between Cemanovic and Medical Mutual.[1] Medical Mutual has here moved for intervention on the basis of subrogation, not reimbursement.

Medical Mutual correctly notes in its Reply that subrogation and reimbursement are distinguishable. *See Provident Life & Acc. Ins. Co. v. Williams*, 858 F. Supp. 907, 911 (W.D. Ark. 1994) ("While subrogation and reimbursement are similar in their effect, they are different doctrines. With subrogation, the insurer stands in the shoes of the insured. With reimbursement, the insurer has a direct right of repayment against the insured."). Put simply, in the insurance context, a subrogation claim involves the insurer stepping into the shoes of the insured regarding

---

[1] It is unclear what the single-page document attached to Medical Mutual's Motion as Exhibit A actually *is*. The Motion refers to the document as a page from the "Plan document." Mot. to Intervene 2. The Reply refers to the document as either the "policy" and the "insurance contract." Reply 1–2, 3. Vaughn claims it is a page from a "Health Care Certificate." Pl. Opp. 2. Alone, it does not establish Medical Mutual right to an interest in Cemanovic's estate.

a claim against some other defendant—here, Toyota.  In contrast, a reimbursement claim is brought by the insurer against the insured (with whom there is a contract)—here, Cemanovic's estate.

While Medical Mutual's proposed complaint makes reference to an alleged reimbursement right, Motion 2; Compl. of Intervening Pl. ¶ 5, the plain language of Medical Mutual's Motion and, particularly, proposed Complaint of Intervention makes inescapable the conclusion that Medical Mutual has alleged only a claim against Toyota and not the estate.  *E.g.* Compl. of Intervening Pl. ¶¶ 4, 6 ("Accordingly, Medical Mutual of Ohio is entitled to judgment against Defendant Defendants [sic] for the amounts paid to the Plaintiffs.").  Therefore, Medical Mutual's alleged reimbursement rights are presently inapposite.

### 3. Subject Matter Jurisdiction

Medical Mutual may or may not have a claim for reimbursement,[2] but that matter is not presently before this Court, and it is unclear it *could* be brought before this Court.[3]  At issue is whether the instant matter is barred by the probate exception to federal jurisdiction.

> Under the so-called probate exception, even when the requirements of diversity jurisdiction have been met, the parties are diverse and the amount in controversy exceeds the jurisdictional threshold, a federal court nonetheless lacks jurisdiction over cases involving probate matters.
>
> The standard for determining whether federal jurisdiction may be exercised

---

[2]  Though evaluation of the contract is not before this Court (in fact, the *full text* of the contract is not even before this Court), the Court expresses concern about enforcement of certain apparently severe terms (particularly regarding litigation costs) against an unsophisticated party contained in a plan document Medical Mutual describes as "too voluminous to attach to this motion."  Motion 2 n.1.

[3]  Both Toyota and Vaughn briefed subject matter jurisdiction prominently in their oppositions; Medical Mutual declined to address the matter in its Reply.

-6-

>is whether under state law the dispute would be cognizable only by the probate court.

*Lepard v. NBD Bank, a Div. of Bank One*, 384 F.3d 232, 237 (6th Cir. 2004) (internal citations and quotation marks omitted). "[U]nder Ohio law, exclusive jurisdiction of probate matters, including breach of fiduciary duty, is vested in the Probate Court." *Id.*; *accord* Ohio Rev. Code Ann. § 2101.24(A)(1).

The instant action *before this Court* involves Toyota's alleged liability related to Cemanovic's injury and death. Insofar as Medical Mutual moved to intervene on the basis of subrogation, stepping in for Cemanovic's estate in prosecution of these wrongful death and product liability claims against Toyota, the matter is properly decided by this Court. However, this Court lacks the jurisdiction "[t]o direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates." Ohio Rev. Code Ann. § 2101.24(A)(1)(c). Therefore, insofar as Medical Mutual wishes to seek reimbursement against Cemanovic's estate or heirs, the matter is beyond this Court's jurisdiction, and interested parties must present the matter to the probate court, only. Accordingly, *this Court* will not—and cannot—rule on whether Medical Mutual has other rights or remedies related to reimbursement.

**B. Medical Mutual's Legal Interest would be Protected**

Assuming *arguendo* that Medical Mutual has established it has a legal right which is likely to be impaired, Medical Mutual has failed to establish that Vaughn will not adequately protect that interest.

"[T]he applicant for intervention bears the burden of demonstrating inadequate representation." *Meyer Goldberg, Inc. of Lorain v. Goldberg*, 717 F.2d 290, 293 (6th Cir. 1983).

> This requires overcom[ing] the presumption of adequacy of representation that arises when the proposed intervenor and a party to the suit . . . have the same ultimate objective. An applicant for intervention fails to meet his burden of demonstrating inadequate representation when no collusion is shown between the representatives and an opposing party, when the representative does not have or represent an interest adverse to the proposed intervenor, and when the representative has not failed in its fulfillment of his duty. A mere disagreement over litigation strategy or individual aspects of a remediation plan does not, in and of itself, establish inadequacy of representation.

*Bradley*, 828 F.2d at 1192 (alterations in original) (internal citations and quotation marks omitted).

Here, Medical Mutual offers only a cursory argument for overcoming this presumption of adequacy of representation: "While Medical Mutual, like Plaintiff, has an interest in recovering damages from a tortfeasor, in this case, however, the refusal by Plaintiff's counsel in Exhibit C to acknowledge Medical Mutual's contractual right of subrogation indicates that these rights will not be protected without intervention in this case." Motion 7. The Court is not convinced.

Medical Mutual has not demonstrated collusion between Vaughn and Toyota and has in fact admitted that Medical Mutual and Vaughn share an interest in recovering damages from Toyota. Though it is not stated as such, Vaughn and Medical Mutual share an interest in maximizing the extent to which Toyota is found liable for the injuries resulting from the car collision, and Vaughn's interest in doing so must *exceed* Medical Mutual's interest to the extent Cemanovic's estate is bound by a reimbursement contract clause. Medical Mutual also fails to demonstrate that Vaughn has failed in fulfillment of her duty to represent the interests of Cemanovic's estate or insurer.

Rather, Medical Mutual demonstrates only that Vaughn's counsel rejected Medical

Mutual's Notice of Lien/Claim. Assuming, again, for the sake of argument, that Medical Mutual provided a contract that properly demonstrated its legal interests in Cemanovic's estate and had timely pursued all its claims, this letter only establishes a conflict regarding the *distribution* of any settlement or litigation proceeds paid by Toyota. The letter in no way suggests Medical Mutual's interest vis-à-vis Toyota are not properly represented. As discussed above, the matter of distribution Cemanovic's estate is not before this Court. Should the matter of distribution be contested in probate court, it is almost certain that Vaughn's and Medical Mutual's interests will before *that* court be adverse. Regarding the matter before *this* Court, however, all available evidence suggests Medical Mutual's interest is fairly protected by Vaughn's representation.

### C. Timeliness

Although Vaughn, Toyota, and Medical Mutual have extensively briefed the matter, because the Court has held that the other three *Bradley* elements do not support intervention, the Court declines to evaluate this final remaining element.

### IV. Conclusion

Accordingly, the Court holds that neither intervention of right nor permissive intervention is here appropriate. Medical Mutual's Motion to Intervene, Doc #: 28, is DENIED.

**IT IS SO ORDERED.**

        /s/ Dan A. Polster    Feb. 24, 2016
        **DAN AARON POLSTER**
        **UNITED STATES DISTRICT JUDGE**